IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 12 B 25495 |
| Leanna M Payne | ) | Judge Hon. Schmetterer |
| | ) | CHAPTER 13 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ADV. NO. 12 AP 01311 |
| Ocwen Loan Servicing, LLC | ) | |
| Defendant. | ) | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.    The Parties**

1.    The Plaintiff is Leanna M Payne ("Plaintiff").

2.    The Defendant is Ocwen Loan Servicing, LLC ("Defendant").

**B.    Factual Background**

1.    On or about June 26, 2012, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.    Plaintiff owns the real estate commonly known as 617 East 89th Place, Chicago, IL 60619.

3.    That JPMorgan Chase Bank, N.A. holds a first mortgage lien on the real property commonly known as 617 East 89th Place, Chicago, IL 60619, with a secured claim of $166,475.15 pursuant to the proof of claim filed on February 8, 2012 in Plaintiff's prior bankruptcy case, case 11 B 47874.

4. The Defendant holds a second mortgage lien on the real property known as 617 East 89th Place, Chicago, IL 60619 in the approximate amount of $41,797.86 pursuant to the proof of claim filed on April 16, 2012 in Plaintiff's prior bankruptcy case, case 11 B 47874.

5. On February 10, 2012 DuSable Appraisal Services conducted a residential real estate appraisal on the property located at 617 East 89th Place, Chicago, IL 60619. Said appraisal reflects the value of Plaintiff's property to be $120,000.00.

6. The Modified Chapter 13 Plan filed on August 24, 2012 provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $730.00 per month for 36 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 10% of their allowed claims.

8. On August 24, 2012, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 617 East 89th Place, Chicago, IL 60619.

9. That on August 24, 2012, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to an officer of the Defendant at 1661 Worthington Road, STE 100, West Palm Beach, FL 33409 upon the registered agent at 801 Adlai Stevenson Dr. Springfield, IL 62703.

10. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $120,000.00.

13. The first secured claim of JPMorgan Chase Bank, N.A. in the amount of $166,475.15 exhausts the value and equity in Plaintiff's residence.

14. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

A. **Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B. **Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of JPMorgan Chase Bank, N.A. in the amount of $150,092.00, and the second lien held by Ocwen Loan Servicing, LLC in the amount of $40,173.00.

5. That value of Plaintiff's residence is $120,000.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits

hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: 10/12/12

OCT 12 2012

Enter:

_____
United States Bankruptcy Judge

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625